UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN GAGE,

        Plaintiff,                                  Hon. Paul L. Maloney

v.                                               Case No. 1:22-cv-1206

MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff Calvin Gage sued Defendant Michigan Department of Health and Human Services (MDHHS) in the Kalamazoo County Circuit Court alleging a single claim of retaliation in violation of Michigan's Whistleblower's Protection Act. (ECF No. 1-2 at PageID.24–219.) He then filed an amended complaint naming MDHHS, George Mellos M.D., Brandy Everett, Elizabeth Bishop, and Unknown Nurses and alleging claims of: (1) wrongful discharge in violation of public policy under Michigan law; (2) violation of the anti-retaliation provision of the False Claims Act (FCA), 31 U.S.C. § 3730(h)(1); (3) retaliation in violation of the First Amendment; and (4) retaliation in violation of Article I of the Michigan Constitution. (ECF No. 1-1.) Defendants removed the action to this Court on December 20, 2022, alleging federal question jurisdiction under 28 U.S.C. § 1331 as the basis for removal. Presently before me is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).[1]  (ECF No. 4.)

---

[1] Plaintiff's request for oral argument is denied, as the briefs adequately develop the issues and oral argument would not aid the decisional process.

Pursuant to 28 U.S.C. § 636(b)(1)(B), for the reasons set forth below, I recommend that the motion be **GRANTED IN PART AND DENIED IN PART**.

## I.     Background

Plaintiff was employed by MDHHS at the Kalamazoo Psychiatric Hospital (KPH) from January 10, 2022, until May 25, 2022, when he resigned from his employment with MDHHS. (ECF No. 1-1 at PageID.12–13.) Plaintiff alleges that Defendant Mellos recruited him from his previous employment to work for MDHHS as a behavior analyst, with the understanding that Mellos would appoint Plaintiff to the position of director of an applied behavior treatment unit by the end of MDHHS's fiscal year, September 30, 2022. (*Id.* at PageID.12.)

In March 2022, Plaintiff alleges he observed suspected incidents of patient abuse and medical malpractice by KPH staff and reported these incidents to MDHHS's clinical site director, unit manager, director of recipient rights, and others. His reports of abuse and malpractice by nursing staff eventually reached Defendant Mellos. Following these reports, several nurses at KPS, including Defendants Everett and Bishop, turned on Plaintiff and sabotaged him in the workplace by refusing to follow his directives, telling other staff to ignore his orders, and changing his line of supervision. (*Id.* at PageID.12–13.) In April 2022, Defendants Everett, Bishop, and other nurses refused to collect data that Plaintiff needed to perform his work, making it almost impossible for him to do his job in a meaningful way. That same month, these Defendants convinced Defendant Mellos to strip Plaintiff of his authority and significantly change his job responsibilities. Around the same time, Defendant Mellos told Plaintiff that he would no longer move him into the director role that he had previously promised, stating that he would rather remove Plaintiff's authority and responsibilities than have to deal with Defendants Everett, Bishop, and others who had urged him to take action against Plaintiff. In addition to the foregoing acts, Plaintiff claims that Defendants Everett, Bishop, and other unknown Defendant nurses refused to protect him from potentially

2

violent patients at KPS, although Plaintiff does not allege that he was actually threatened or attacked. Given these circumstances, Plaintiff resigned his employment with MDHHS. (*Id.* at PageID.13.)

## II. Discussion

### A. Lack of Jurisdiction

Defendants move for dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff's claims against the MDHHS and his official capacity claims against the individual Defendants are barred by the Eleventh Amendment. Rule 12(b)(1) is an appropriate vehicle by which to raise immunity defenses. *See O'Bryan v. Holy See*, 556 F.3d 361, 375–76 (6th Cir. 2009) (considering claim of immunity under the Foreign Sovereign Immunities Act under Rule 12(b)(1)); *Smith v. Ohio State Univ.*, 191 F. Supp. 3d 750, 754 (S.D. Ohio 2016) (considering university's Eleventh Amendment immunity defense under Rule 12(b)(1)).

Defendants raised Eleventh Amendment immunity in their opening brief, arguing that it barred Plaintiff's FCA and First Amendment claims against MDHHS and the same claims against the individual Defendants in their official capacities. (ECF No. 4 at PageID.188–91.) In response, Plaintiff argued that Defendants waived the defense of Eleventh Amendment immunity by removing this action to federal court. (ECF No. 5 at PageID.282–86.) Plaintiff cited *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613 (2002), and other cases, including cases from this district, *see Great Lakes Consortium v. Michigan*, 480 F. Supp. 2d 977, 985 (W.D. Mich. 2007), and *Hageman v. Wisconsin*, No. 2:12-cv-389, at *3 n.1 (W.D. Mich. Oct. 4, 2013), in support of his waiver argument.

While Defendants might have argued persuasively that the removal in this case did not waive Eleventh Amendment immunity, *see Williams v. Michigan Dep't of Health & Human Servs.*,

No. 21-12599, 2023 WL 3168336, at *2 (E.D. Mich. Apr. 28, 2023) (distinguishing *Lapides* and concluding that MDHHS's removal did not waive Eleventh Amendment immunity); *Rhea v. Brown*, 334 F.R.D. 138, 149 (W.D. Tenn. 2019) (same), they failed to respond to the waiver argument in their reply—the proper vehicle for addressing arguments raised in a response. *See Liberty Legal Found. v. National Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797–98 (W.D. Tenn. 2012) (noting that a reply serves "to address the opposing party's arguments raised in a response brief"). A responding party forfeits any opposition to an opponent's argument by failing to respond to opponent's argument with the same effect as if they had expressly conceded the point. *Taylor v. Unumprovident Corp.*, No. 1:03CV1009, 2005 WL 3448052, at *2 (E.D. Tenn. Dec. 14, 2005) (citing *Guster v. Hamilton Cnty. Dep't of Educ.*, No. 1:02-CV-145, 2004 WL 1854181, at *7 (E.D. Tenn. Mar. 2, 2004)). Here, Defendants' failure to address the issue in their reply forfeits their opposition to Plaintiff's waiver argument as raised in his response. *See Sailor v. City of Cleveland*, No. 1:20CV660, 2022 WL 405346, at *3 (N.D. Ohio Feb. 10, 2022) ("Procedurally, Plaintiff waived this claim when he failed to respond to Defendant's arguments in his Reply."); *cf. United States ex rel. Am. Sys. Consulting, Inc. v. ManTech Advanced Sys. Int'l*, 600 F. App'x 969, 978–79 (6th Cir. 2015) (finding that the plaintiffs forfeited an argument responding to the defendant's argument in its response by failing to raise the argument in their reply). Accordingly, Eleventh Amendment immunity does not bar Plaintiff's FCA and First Amendment claims.

  **B.**  **Failure to State a Claim**

  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To survive a

motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). As the Court in Iqbal further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (citations omitted).

### 1.   FCA Claim

In Count 2, Plaintiff alleges that Defendants violated the FCA's anti-retaliation provision, which provides:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

31 U.S.C. § 3730(h)(1).

The individual Defendants—Mellos, Everett, and Bishop—argue that they cannot be held liable for FCA retaliation because they were not employers subject to liability under Section 3730(h). The provision identifies those who may be plaintiffs, but it does not specify potential defendants. Plaintiff says that the absence of any such limitation indicates that supervisors and coworkers—those who do not qualify as employers—may also be sued for FCA retaliation. As the parties' briefing indicates, courts have come to divergent conclusions emanating from a 2009 amendment that omitted the term "employer" from the provision. *See*, *e.g.*, *Aryai v. Forfeiture Support Assocs.*, 25 F. Supp. 3d 376, 385 (S.D.N.Y. 2012) (citing the Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21 § 4(d), 123 Stat. 1617, 1624–25). "Before the passage of the 2009 amendments, federal courts uniformly held that the FCA created a cause of action against only a plaintiff's employer." *Howell v. Town of Ball*, 827 F.3d 515, 530 (5th Cir. 2016). The Sixth Circuit has yet to address the effect of the amendment.

Courts that have concluded that the amendment expanded liability to include non-employer individuals have simply reasoned that the omission of the term "employer" broadened the statute to create individual liability. *See Fitzsimmons v. Cardiology Assocs. of Fredericksburg, Ltd.*, No. 3:15cv72, 2015 WL 4937461, at *8 (E.D. Va. Aug. 18, 2015); *Huang v. Rector & Visitors of the Univ. of Va.*, 896 F. Supp. 2d 524, 548 n.16 (W.D. Va. 2012); *Moore v. Community Health Servs., Inc.*, No. 3:09CV1127, 2012 WL 1069474, at *9 (D. Conn. Mar. 29, 2012); *Laborde v. Rivera-Dueno*, 719 F. Supp. 2d 198, 205 (D.P.R. 2010).[2] On the other side, the overwhelming majority

---

[2] One court reaching the opposite conclusion (only the employer is liable) found it "unsurprising" that these were the only four cases declining to dismiss FCA retaliation claims against non-employers since the 2009 amendment was adopted, and noted that "all but one did so without reaching the merits of this issue." *Simmons v. Boys & Girls Clubs of the Pikes Peak Region*, No. 16-cv-1461, 2017 WL 4337931, at *2 & n.1 (D. Colo. Sept. 29, 2017). Another court noted that *Moore*—the one case that did reach the merits—relied on a "one sentence analysis that has been rejected both within and outside [the Second] Circuit." *Monsour v. New York State Office for*

of courts, including the Fifth and Eighth Circuits, have concluded that the 2009 amendment to 3730(h) omitted the term "employer" simply as a means to encompass retaliation against contractors and agents, as well as employees, not to expand liability beyond employers. *See United States ex rel. Strubbe v. Crawford Cnty. Mem'l Hosp.*, 915 F.3d 1158, 1167 (8th Cir. 2019) (concluding that Congress deleted the term "employer" from the statute to cover contractors and agents but did displace existing law to impose individual liability); *Howell*, 827 F.3d 529–30 ("[V]iewing the changes to § 3730(h) as a whole, it is clear that the reference to an 'employer' was deleted to account for the broadening of the class of FCA plaintiffs to include 'contractors' and 'agents,' not to provide liability for individual, non-employer defendants."); *Brach v. Conflict Kinetics Corp.*, 221 F. Supp. 3d 743, 748 (E.D. Va. 2016) (stating that "the overwhelming majority of courts, including the Fifth Circuit, have held that the current version of § 3730(h) does not create a cause of action against supervisors sued in their individual capacities."); *accord Roberto v. Kent State Univ.*, No. 5:16CV1305, 2017 WL 1155563, at *2 (N.D. Ohio Mar. 28, 2017) (collecting 25 cases). In fact, the court in *Simmons v. Boys & Girls Club of the Pikes Peak Region*, No. 16-cv-1461, 2017 WL 4337931 (D. Colo. Sept. 29, 2017), observed that the argument Plaintiff raises here "has been rejected so many times in recent years that it warrants little discussion." 2017 WL 4337931, at *2.

I find persuasive the rationale of the many cases holding that Section 3730(h) does not expand liability beyond employers. The court's discussion in *Aryai*, *supra*, is one example of well-reasoned analysis of the issue. The court began with the legislative history, which indicates that the omission of the term "employer" was intended to broaden the protection from retaliation to

---

*People with Developmental Disabilities*, No. 1:13-CV-336, 2014 WL 975604, at *11 (N.D.N.Y. Mar. 12, 2014) (internal quotation marks omitted).

include "'contract workers and others who are not technically employees.'" 25 F. Supp. 3d at 386 (quoting H.R. Rep. No. 111-97, at 14 (2009)). It then found the absence of a similar provision expressing an intent to expand the scope of liability to include individuals particularly relevant. *Id.* The court reasoned that, "[w]here Congress *expressly* stated its intent to expand the definition of a whistleblower and added *specific* language to effectuate that intent, it strains common sense to read Congress's *silence* in the same sentence of the statute as effectuating an *unexpressed* intent to expand the class of defendants subject to liability under the statute." *Id.* (italics added). The court also cited the well-recognized presumption that Congress would have been aware prior to the amendment that courts had uniformly rejected individual liability under Section 3730(h). *Id.*; *see Howell*, 827 F.3d at 530 (declining to adopt the plaintiff's contention that the 2009 amendment encompasses non-employers because it would require the conclusion that "Congress overturned this [prior] precedent, not by the insertion of express language expanding liability, but only by mere implication"). Finally, the court observed that the 2009 amendment did not alter the equitable remedies of reinstatement and backpay set forth in Section 3730(h)(2), which courts had previously cited as a basis for denying individual liability because such remedies generally are not within the power of a supervisor or coworker to grant. 25 F. Supp. 3d at 387 (quoting *Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969, 972 (D.C. Cir. 2001)).

Accordingly, I recommend that the Court adopt the majority view and conclude that liability under Section 3730(h) is limited to employers. Thus, the FCA claim should be dismissed as to the individual Defendants.

### 2. First Amendment Claim

Next, Defendants contend that Plaintiff's First Amendment retaliation claim is subject to dismissal for failure to state a claim because Plaintiff's alleged reports of patient abuse and

8

malpractice were part of Plaintiff's official duties as an MDHHS employee.[3] Plaintiff responds that, because Defendants rely on matters outside the pleadings, the argument is essentially one that should be made on summary judgment after Plaintiff has been afforded an opportunity for discovery. Plaintiff further contends that, in any event, courts have held that complaints of patient abuse in public facilities—such as the complaints Plaintiff alleges he made in this case—touch on matters of public concern.

In order to state a claim for First Amendment retaliation, a plaintiff ordinarily must allege that: (1) he engaged in protected conduct; (2) he suffered an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection exists between the first two elements.[4] *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012). A public-employee plaintiff, however, must allege more. Supreme Court precedent[5] has "long imposed the threshold requirements that the employee (1) must have spoken 'as a citizen,' and (2)

---

[3] Defendants separately contend that the claim is subject to dismissal because Plaintiff fails to allege that it is brought pursuant to 42 U.S.C. § 1983. The Sixth Circuit has held that Section 1983 is the exclusive avenue for asserting constitutional claims against state and local governments. *See Thomas v. Shipka*, 818 F.2d 496, 503–04 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). It is true that Plaintiff does not mention Section 1983 in his complaint, and he failed to respond to this argument. Nonetheless, the Court may construe his First Amendment claim as asserted pursuant to Section 1983. *See Young v. Cabinet for Health & Family Servs.*, No. 3:11-CV-598, 2013 WL 5437914, at *3 (W.D. Ky. Sept. 27, 2013) (electing to construe, rather than dismiss, the plaintiff's federal claims as arising under Section 1983 even though the complaint never mentioned Section 1983).

[4] Defendants assert their First Amendment argument as one for qualified immunity based on Plaintiff's failure to allege a constitutional violation. Because qualified immunity does not apply to MDHHS, and MDHHS remains in the case due to its forfeiture of Eleventh Amendment immunity, I consider the argument as failure to state a claim. *See Crawford v. Tilley*, 15 F.4th 752, 764 (6th Cir. 2021) ("[A]sking whether there was a violation of a constitutional right resembles the Rule 12(b)(6) question—has the plaintiff pleaded facts that state a claim for relief in the complaint?").

[5] *See Connick v. Myers*, 461 U.S. 138 (1983); *Pickering v. Board of Educ. of Twp. High Sch. Dist. 205*, 391 U.S. 563 (1968).

must have 'address[ed] matters of public concern.'" *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir. 2007) (quoting *McMurphy v. City of Flushing*, 802 F.2d 191, 197 (6th Cir. 1986)). "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes." *Fox v. Traverse City Area Pub. Schs. Bd. of Educ.*, 605 F.3d 345, 348 (6th Cir. 2010) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, (2006)). This holds true even if the speech is a matter of public concern. *Id.* (citing *Weisbarth*, 499 F.3d at 545). When considering an employee's statement under *Garcetti*, a court "must consider both its content and context—including to whom the statement was made—to determine whether the plaintiff made the statement pursuant to h[is] individual duties." *Id.* (citing *Weisbarth*, 499 F.3d at 545). It is not enough that the employee's speech was based on information that he learned in the course of his public employment. *Lane v. Franks*, 573 U.S. 228, 239 (2014). Rather, "[t]he critical question under *Garcetti* is whether the speech at issue is ordinarily within the scope of [the] employee's duties, not whether it merely concerns those duties." *Id.* at 240.

Plaintiff alleges that he "reported incidents of suspected patient abuse and medical malpractice . . . to MDHHS' clinical site director, unit manager, director of recipient rights, and others." (ECF No. 1-1 at PageID.12.) Citing MDHHS's Work Rules and its Administrative Policy for Facilities and Hospitals (APF), Defendants contend that Plaintiff's alleged reports constitute non-protected activity because the reporting activity fell within Plaintiff's job duties as a behavioral analyst with KPH. Both documents clearly recognize an employee's duty to report recipient abuse. (ECF No. 4 at PageID.217 (disciplinary actions for failure to report abuse); PageID.227 (imposing duty on "[a]ll employees and volunteers" to immediately report abuse or neglect of patients).)

Initially, it is necessary to determine whether the Work Rules and APF may be considered in deciding a motion to dismiss. In general, when deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court's review is limited to the four corners of the pleading at issue. Fed. R. Civ. P 12(d); *see also Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1139 (W.D. Mich. 2019) (noting that "[i]n general, in deciding a Rule 12(b)(6) motion to dismiss the court is limited to considering only the pleadings") (citing *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011)).

Nonetheless, it is well established that, in some circumstances, a court may consider matters beyond the pleadings without converting the motion to one for summary judgment under Rule 56. Some examples include "any exhibits attached [to the Complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

Plaintiff argues that the Court may not consider these documents because he did not refer to them in his amended complaint. (ECF No. 5 at PageID.290.) But the universe of documents a court may consider is not so limited. It is well established that a court may take judicial notice of government documents in deciding a Rule 12(b)(6) motion. *See Norris v. Stanley*, No. 1:21-cv-756, 2022 WL 557306, at *1 (W.D. Mich. Feb. 22, 2022), *aff'd*, 2023 WL 4530251 (6th Cir. Jul. 13, 2023) (citing *Overall v. Ascension*, 23 F. Supp. 3d 816, 824–25 (E.D. Mich. 2014) ("The Court may take judicial notice of public documents and government documents because their sources 'cannot reasonably be questioned.'") (quoting Fed. R. Evid. 201(b))); *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) ("Public records and government documents are generally considered 'not to be subject to reasonable dispute.' This includes public

11

records and government documents available from reliable sources on the Internet.") (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)). Here, MDHHS's Work Rules and APF 132 both qualify as government documents that may be judicially noticed. In fact, APF 132 may be found online at https://dhhs.michigan.gov/olmweb/ex/html/.

In light of the Work Rules and APF 132 imposing a duty on MDHHS employees to report recipient abuse, it is abundantly clear that Plaintiff was not speaking as a citizen when he reported the incidents of suspected abuse. Instead, he was performing an obligation at the heart of his professional responsibilities. *Garcetti*, 547 U.S. at 421. In fact, Plaintiff was required by law to orally report "suspected criminal abuse" to law enforcement and to file a written report with the applicable law enforcement agency and with "the chief administrator" of KPH or MDHHS within 72 hours after making the oral report to law enforcement. Mich. Comp. Laws § 330.1723(1) and (2). Plaintiff therefore fails to state a claim for violation of his First Amendment rights. The out-of-circuit district court cases Plaintiff cites for the proposition that whether speech was a matter of public concern is an issue requiring discovery and is best left for summary judgment are not binding on this Court and do not stand for the proposition that a court may not dispose of a public employee's First Amendment retaliation claim on a motion to dismiss. (ECF No. 5 at PageID.290–91.) Courts in the Sixth Circuit routinely dismiss such claims at the Rule 12(b)(6) stage when warranted. *See, e.g., DuPuis v. City of Highland Park*, No. 21-11034, 2021 WL 3847711, at *4 (E.D. Mich. Aug. 27, 2021) (dismissing in part employee's First Amendment claim because email was not protected conduct); *Bouldrey v. Michigan Dep't of Corrs.*, No. 18-11543, 2019 WL 697005, at *6 (E.D. Mich. Feb. 20, 2019) ("Plaintiff fails to state a claim for First Amendment retaliation because his email is not on a matter of public concern, and no amount of discovery will change the content of the original email."). Finally, the cases Plaintiff cites for the proposition that

courts have consistently held that complaints by employees about patient abuse touch upon matters of public concern are not persuasive in this context because none of them considered the speech at issue under *Garcetti* and *Lane*. Accordingly, I recommend that Plaintiff's First Amendment claim be dismissed as to all Defendants.

### 3. Immunity from Tort Liability

Defendants contend that they are immune from liability under Michigan's Governmental Tort Liability Act, Mich. Comp. Laws. § 691.1407, on Plaintiff's claim of wrongful termination in violation of public policy. Plaintiff does not contest the dismissal of his violation of public policy claim against MDHHS on this basis. (ECF No. 5 at PageID.292 n.6.) Therefore, the violation of public policy claim should be dismissed as to MDHHS.

The individual defendants separately contend that they are entitled to governmental immunity under Michigan law. Although governmental immunity is an affirmative defense, a court may dismiss a complaint based on the defense if it "appears 'clearly on the face of the complaint.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 784 (6th Cir. 2015) (quoting *Cincinnati Gas & Elec. Co. v. Gen. Elec. Co.*, 656 F. Supp. 49, 73 (S.D. Ohio 1986)). Here, the defense appears on the face of Plaintiff's amended complaint, as Plaintiff admits that all of the individual defendants were employed by MDHHS. (ECF No. 1-1 at PageID.11.)

Plaintiff's public policy claim constitutes an intentional tort. *Cox v. Dep't of Transp.*, No. 278452, 2008 WL 4005027, at *2 (Mich. Ct. App. Aug. 28, 2008). Under Michigan law, a state employee is immune from intentional-tort liability if he or she: (1) acted within the scope of his or employment; (2) acted in good faith; and (3) engaged in conduct resulting from discretionary, rather than ministerial, duties. *Odom v. Wayne Cnty.*, 482 Mich. 459, 480 (2008). Here, there is no question that Plaintiff's allegations show that the individual Defendants were acting within the

scope of their employment and that their alleged acts were discretionary in nature. As for the second element, "good faith" is a subjective test, under which a defendant is subject to liability only if he acted with "malicious intent." *Id.* at 481–82. This standard requires "'an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does.'" *Id.* at 475 (quoting *Burnett v. City of Adrian*, 414 Mich. 448, 475 (1982)). Plaintiff fails to allege any fact in his amended complaint meeting this standard.

Plaintiff does not dispute that his allegations fail under the affirmative defense of governmental immunity. He asserts, however, that Defendants' argument is actually a summary judgment argument that should not be decided without the benefit of discovery. (ECF No. 5 at PageID.293–94.) But discovery only comes into play when the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In fact, the Supreme Court has directed district courts not to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[6] *Iqbal*, 556 U.S. at 678–79. As noted, Plaintiff's allegations clearly disclose the immunity defense.

Accordingly, I recommend that the public policy claim also be dismissed as to the individual Defendants.

---

[6] Plaintiff also requests leave to amend his complaint if the Court finds it deficient. (ECF No. 5 at PageID.294.) However, Plaintiff's request in his brief is not a proper motion, and a court does not abuse its discretion in denying an opportunity to amend under such circumstances. *See D.E.&J. Ltd. P'ship v. Conaway*, 133 F. App'x 994, 1001–02 (6th Cir. 2005). Moreover, Plaintiff has not provided a proposed amended pleading to the Court to review. W.D. Mich. LCivR 5.7(f) (providing that a proposed amended pleading must be attached to the motion for leave to amend). Absent the substance of the proposed amendment, a court has no basis to determine whether "justice so requires" an amendment. *Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002).

### 4. Michigan Constitution

Plaintiff alleges that Defendants retaliated against him in violation of Article I of the Michigan Constitution, which guarantees a citizen the right to free expression and freedom of speech. Defendants contend that this claim is subject to dismissal because under Justice Welch's concurrence in the Michigan Supreme Court's recent decision in *Bauserman v. Unemployment Insurance Agency*, 509 Mich. 673 (2022), Plaintiff has "adequate alternative remedies to an implied monetary-damages remedy." 509 Mich. at 712–13. (ECF No. 4 at PageID.200.) Plaintiff responds that the Court must limit its consideration of *Bauserman* to the majority opinion, which found that the plaintiffs alleged a cognizable constitutional-tort claim for which they could recover money damages and imposed no real limits on whether an alternative remedy exists. (ECF No. 5 at PageID.295–96.) The majority concluded that a cause of action exists for a violation of the Michigan Constitution except: "(1) when the Constitution has delegated to another branch of government the obligation to enforce the constitutional right at issue or (2) when another branch of government has provided a remedy that we consider adequate." *Bauserman*, 509 Mich. at 706.

The Court need not resolve the issue concerning *Bauserman* because, even if Plaintiff has a valid retaliation claim under the Michigan Constitution, that claim is subject to dismissal for the reasons set forth above regarding the First Amendment claim. This is because "[t]he rights protected under [Article I] of the Michigan Constitution are coterminous to the rights afforded by the First Amendment of the United States Constitution." *Smith v. City of Holland Bd. of Pub. Works*, 102 F. Supp. 2d 422, 430 (W.D. Mich. 2000) (citing *Michigan State AFL-CIO v. Civil Serv. Comm'n*, 208 Mich. App. 479, 489 n.7 (1995), *reversed on other grounds*, 455 Mich. 720 (1997)); *see also Lucas v. Monroe Cnty.*, 203 F.3d 964, 972 n.4 (6th Cir. 2000) ("Because Plaintiffs' rights under the Michigan Constitution essentially track those guaranteed by the United States Constitution, the same analysis applies to the corresponding state claims." (citing *Woodland*

15

*v. Michigan Citizens* Lobby, 423 Mich. 188, 202 (1985))); *Ziem v. Zehnder*, No. 04-CV-73099, 2005 WL 1563329, at *14 n.3 (E.D. Mich. June 30, 2005) (applying First Amendment retaliation analysis to the public-employee plaintiff's retaliation claims under the Michigan Constitution). Accordingly, I recommend that the Court dismiss Plaintiff's retaliation claim under the Michigan Constitution against all Defendants as well.

### III.  Conclusion

For the foregoing reasons, I recommend that the Court **grant** Defendants' motion in part, dismissing Plaintiff's wrongful discharge in violation of public policy claim and retaliation claims under the First Amendment and Michigan Constitution against all parties and the FCA retaliation claim against the individual Defendants, and **deny** the motion in part with regard to the FCA retaliation claim against the MDHHS.

Dated: July 26, 2023                                    /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).