UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CALVIN GAGE,  )<br>  )<br>   Plaintiff,  )<br>  )<br>v.  )<br>  )<br>MICHIGAN DEPARTMENT OF HEALTH  )<br>AND HUMAN SERVICES, *et al.,*  )<br>  )<br>   Defendants.  )<br>  ) | No. 1:22-cv-1206<br><br>Hon. Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Defendant's motion to dismiss. (ECF No. 4). Plaintiff filed a response in opposition. (ECF No. 5). Defendants filed a reply. (ECF No. 6). Judge Berens issued two report and recommendations. (ECF Nos. 7, 18). The court will adopt the second report and recommendation.

### I.

Plaintiff Calvin Gage brought this action in the Kalamazoo County Circuit Court on August 11, 2022, and Defendants removed the action to this court on December 20, 2022. Defendants include the Michigan Department of Health and Human Services ("MDHHS") and several individuals. Plaintiff brought four claims: (1) wrongful discharge in violation of public policy under Michigan law; (2) violation of the anti-retaliation provision of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h)(1); (3) retaliation in violation of the First Amendment; and (4) retaliation in violation of Article I of the Michigan Constitution. (ECF No. 1-1).

1

Judge Berens issued her first report and recommendation granting in part and denying in part Defendants' motion to dismiss. (ECF No. 7). The first R&R recommended that the court (1) dismiss Plaintiff's public policy and retaliation claims under the First Amendment and Michigan Constitution against all parties; (2) dismiss the FCA retaliation claim against the individual Defendants; and (3) deny the motion in part regarding the FCA retaliation claim against MDHHS.

After the original objections, this court returned the original report and recommendation to Judge Berens to consider Defendants' immunity argument regarding *Lapides v. Board of Regents of University System of Georgia*, 553 U.S. 613 (2002). (ECF No. 17). Judge Berens then issued a second report and recommendation. (ECF No. 18).

The second report and recommendation drew three conclusions: (1) Defendants waived their Eleventh Amendment immunity but not their general sovereign immunity upon removal; (2) that the FCA retaliation claims against MDHHS and the individual Defendants in their official capacities be dismissed; and (3) that the First Amendment claims against MDHHS and the individual Defendants in their official capacities be dismissed because they are not "persons" under Section 1983. Judge Berens also recommended that this court decline supplemental jurisdiction over Plaintiff's state-law claims and remand them to state court.

## II.

After being served with a report and recommendation ("R&R") issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

"[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (unpublished order). General objections and reassertions of the same arguments already addressed by the magistrate do not focus the district court's attention on any specific issues for review, thereby making the initial reference to the magistrate useless. The duplication of time and effort wastes judicial resources rather than saving them and runs contrary to the purposes of the Magistrates Act. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

## III.

A. Objections to the First Report and Recommendation

Defendants filed one objection to the original R&R. (ECF No. 8). Plaintiff filed four objections to the original R&R. (ECF No. 12). Because this court asked for a supplemental report and recommendation, several objections are moot. However, Plaintiff's first two objections to the original R&R relate to the amended recommendations in the second R&R. (ECF No. 12 at PageID.373). Plaintiff's third and fourth objections relate to his state law

3

claims, which the court will not exercise jurisdiction over as discussed below. Defendant's sole original objection was addressed when the court asked Judge Berens for a supplemental R&R. (ECF No. 17).

Plaintiff's first objection concerned the R&R's finding that the False Claims Act is limited to employers. Plaintiff reraises the same arguments that were addressed by the R&R, namely that the plain language of Section 3730(h) does not limit liability only to employers. Judge Berens' analysis was thorough, addressed the competing views, and appropriately adopted the majority view on the issue. (ECF No. 7 at PageID.330-33). This court rejects Plaintiff's first objection.

Plaintiff's second objection takes issue with the R&R's reliance on the MDHHS rules to determine Plaintiff's job duties. Plaintiff cites *Garcetti v. Ceballos*, 547 U.S. 410 (2006) for the proposition that courts reject the notion that employers can restrict employees' rights by creating excessively broad descriptions.

To state a claim for First Amendment retaliation, public employees "must (1) have spoken 'as a citizen,' and (2) must have 'address[ed] matters of public concern.'" *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir. 2007) (quoting *McMurphy v. City of Flushing*, 802 F.2d 191, 197 (6th Cir. 1986)). "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes." *Fox v. Traverse City Area Pub. Schs. Bd. of Educ.*, 605 F.3d 345, 348 (6th Cir. 2010) (quoting *Garcetti*, 547 U.S. at 421).

MDHHS's work rules and administrative policies clearly recognize employees' duty to report abuse. To hold otherwise would require the court to find that it's unclear whether

4

reporting abuse is a duty imposed on MDHHS employees or that it is not within their official duties. Courts must put the statement in context. *Fox*, 605 F.3d at 348. Very few duties could be more central to Plaintiff's former position as a behavior analyst than protecting patients from abuse. When Plaintiff reported abuse, he was not speaking as a citizen, but rather he was carrying out a duty imposed on him by MDHHS. The alleged speech at issue squarely fits the role, and the duty imposed is not excessively broad. The court rejects Plaintiff's second objection.

The remaining recommendations from the first report and recommendation are adopted. Plaintiff's FCA retaliation and First Amendment claims against the individual Defendants in their individual capacities are dismissed. The first report and recommendation is adopted to the extent that it does not conflict with the second report and recommendation. Where the two conflict, the second report and recommendation will control.

B. Objections to the Second Report and Recommendation

Defendants raised two objections to the second supplemental R&R. (ECF No. 21). Plaintiff filed a response. (ECF No. 22).

Defendants first argue that they did not waive Eleventh Amendment Immunity when they removed this action to federal court. Defendants assert that the Sixth Circuit has not expanded *Lapides* to apply to federal claims. While an open question in this circuit, as Judge Beren's described, many circuit courts have concluded that *Lapides* reasoning does extend to federal claims. (ECF No. 17 at PageID.425-29) (collecting cases). When Defendants removed this action to federal court, they invoked federal jurisdiction and surrendered their

5

Eleventh Amendment Immunity from suit in federal court. *See Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 619 (2002) ("It would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the 'Judicial power of the United States' extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the 'Judicial power of the United States' extends to the case at hand.").

Defendants also ask that this court reject the R&R's recommendation to decline jurisdiction over the remaining state law claims. But when "all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). This case remains at an early stage. Remand would be proper in these circumstances.

In Plaintiff's response to the Defendants' objections, he raises several objections of his own. First, he argues that Defendants waived their arguments regarding Eleventh Amendment Immunity. This court has already rejected this argument when it ordered a supplemental report and recommendation on this issue. (ECF No. 17 at PageID.422) ("The [first] R&R concluded that Defendants procedurally waived their argument regarding waiver of immunity upon removal; that was erroneous."). Second, Plaintiff argues that this court should reject Defendant's request to dismiss Counts 1 and 4. But as discussed, the court will not exercise jurisdiction over the remaining state law claims. On remand, the state court may permit Plaintiff to amend his complaint. (ECF No. 19).

6

## IV. Conclusion

This court conducted a de novo review. Having considered the file, including the report, recommendations and relevant authority, the report and recommendations are adopted over the objections. The court will dismiss the federal claims and not exercise jurisdiction over the state law claims.

Accordingly,

**IT IS HEREBY ORDERED** that the court **ADOPTS** the report and recommendation (ECF No. 7) as modified by the second report and recommendation. (ECF No. 18).

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (ECF No. 4) is **GRANTED** in part and **DENIED** in part. Plaintiff's federal claims, Count 2 and Count 3 are dismissed.

**IT IS FURTHER ORDERED** that the remaining state law claims, Count 1 and Count 4, are **REMANDED** to state court.

**IT IS SO ORDERED.**

Date:  December 26, 2024                                  /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge